Andrés Aybar Muñoz et al., Plaintiffs and Appellants, *v.* Natalia Vara Smith, etc., Defendant and Appellee.

No. 6471.   Argued February 21, 1935.—Decided February 28, 1935.

Appellants appeared in their own right.   *Juan B. Soto, Juan F. Soto,* and *M. Rivera de la Vega,* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Andrés and Luciana Aybar began an action against Natalia Vara Smith in 1927 to annul a declaration of heirship. Upon filing their complaint, the plaintiffs obtained leave to sue *in forma pauperis,* in accordance with section 7 of Act No. 17, approved on March 11, 1915 (Session Laws, p. 45).

Judgment was rendered against them and they appealed to this court, electing to perfect their appeal by means of a transcript of the evidence. They requested that the stenographer be directed to prepare it and the district court made an order accordingly. After several extensions of time for filing such transcript, the plaintiffs filed a motion requesting that the stenographer be granted a peremptory term to prepare and file the same.

In opposition to this motion the stenographer alleged that the leave to sue *in forma pauperis* granted to the plaintiffs did not cover proceedings on appeal, and that, even if it did cover such proceedings, the obligation to transcribe the evidence should be confined to his notes, without including the documentary evidence, which in this case would fill about 500 typeyritten pages, while the stenographic notes would only produce about 25 pages.

The lower court decided that the leave to sue *in forma pauperis* included the services of the stenographer after the appeal was taken, but it believed that the stenographer could limit himself to transcribing the stenographic notes and so ordered it, leaving the plaintiffs in charge of the preparation of the transcript of the documentary evidence at their own expense. The plaintiffs have appealed from this decision, and contend that the lower court erred in providing that the stenographer was obliged to transcribe, free of charge, only the testimony of the witnesses and was not bound to prepare the entire transcript of the evidence. We copy below the reasons stated by the court *a quo* in support of the order appealed from:

". . . we maintain that in accordance with the case of *Berríos v. Garcia,* 44 P.R.R. 753, it is within the discretion of the court to order the stenographer to transcribe the documentary evidence presented in a case in addition to the stenographic notes.

"Moreover, we think that the discretion should be exercised, except in special cases, in the sense that the litigant and not the stenographer transcribe the documentary evidence, inasmuch as the

litigant is in as good a position as the stenographer to do the said work, and the work of the said officer should not be increased without justification.

"As already stated, in this case the transcript of the documentary evidence would fill approximately 500 typewriten pages, and just as the litigants have been able to prepare their pleadings and other writings presented in connection with the suit, there is no reason why they can not do this work which is for their benefit and which if done by the stenographer, would not only prejudice the said officer but would also be detrimental to this court which would be deprived to a certain extent of the services of that officer."

In the case of *Berríos* v. *Garáu,* cited by the lower court, the plaintiff was granted the benefit of insolvency and the stenographer was ordered to prepare all of the evidence presented in the case, without any charge to the appellant. In that case the appellant argued that the order appealed from, granting the plaintiff the benefit of insolvency to obtain the transcript of the evidence, was neither expressly nor impliedly authorized by Act No. 27 of November 27, 1917 (Session Laws, Vol. II, p. 274), nor by the act creating the office of stenographic reporter, approved in March, 1904. This court, in deciding the questions raised by the stenographer and the appellee, expressed itself as follows:

"Upon examining the text of the Act of 1904, it is found that the same does not expressly comprise the duty that the district court imposed on its stenographer-reporter, and it is easily understood that it should be so, since in 1940 the procedure established by the Act of 1917 for perfecting the appeal did not exist. If the instant case were to be decided on that sole reasoning, the decision must be in favor of the appellants.

"There are, however, other reasons that should be taken into consideration. The question rests largely on the discretion of the trial court, and we are of the opinion that that discretion has been properly exercised in this case so that a legal provision in force, like that contained in the Act of 1917, might not be rendered ineffective."

In accordance with section 7 of Act No. 17, approved on March 11, 1915 (Session Laws, p. 45), a litigant to whom

leave to sue *in forma pauperis* is granted is entitled gratuitously to "all of the services of all court officers . . ." This provision does not exclude the services of the stenographer who is also an officer of the court just as is the marshal or the clerk. As the lower court correctly says, section 5 of the act creating the office of stenographic reporter, approved on March 10, 1904 (Comp. Stat. 1911, section 1277 *et seq.*), and section 7 of Act No. 17 of 1915 which we have just cited, complement one another, and are not incompatible. It is clear that the stenographer, as an officer of the court, is obliged to render his services free of charge where a party is permitted to litigate *in forma pauperis*.

The poor litigant has the same rights as the solvent litigant to choose the transcript of evidence or the statement of the case for the preparation of the record on appeal. If he chooses the transcript of the evidence the requirements of the law should be fulfilled. In accordance with section 2 of Act No. 27 of 1917 (Session Laws, Vol. II, p. 274), upon the filing of the written application specified in section 1 of the same act, it shall be the duty of the court to direct the stenographer thereof to transcribe faithfully and completely the stenographic record of the hearing. This officer shall prepare a transcript of the stenographic notes, including in such transcript a copy of all documents offered and admitted in evidence.

As may be seen, the act itself imposes on the stenographer the duty of transcribing a copy of the documentary evidence, receiving payment for his services where a solvent litigant is involved, and receiving no payment at all where the litigant is one who has been authorized to sue *in forma pauperis*. It is not possible to evade the clear and precise terms of the act.

There may be cases in which a poor litigant is in a position to undertake personally the preparation of the transcript of the documents, and there may be others in which he does not know how to do it and lacks the means to procure

a person who can do the work for him; but, considering the terms in which the act is drafted, it does not seem that the court is authorized to make use of its discretion, distinguishing some cases from others and relieving the stenographer of the obligation of transcribing faithfully and completely the stenographic record, including the documentary evidence, however plausible and commendable it may be that the litigant *in forma pauperis* should cooperate as much as possible with the said officer to help him finish his work.

The order appealed from must be reversed.